EDMUND G. BROWN JR. Attorney General TAYLOR S. CAREY Deputy Attorney General
THE HONORABLE CATHLEEN GALGIANI, MEMBER OF THE STATE ASSEMBLY, has requested an opinion on the following question:
May a school district grant a request from a teacher, whose spouse became a board member more than one year after the teacher's employment with the District, to transfer from one teaching position to another that has the same compensation, but involves different teaching duties?
 CONCLUSION
A school district may grant a request from a teacher, whose spouse became a board member more than one year after the teacher's employment with the district, to transfer from one teaching position to another that has the same compensation, but involves different teaching duties. *Page 2 
 ANALYSIS
A tenured teacher who was hired by a school district in 1998, and whose spouse became a member of the district's governing board in 2001, seeks a transfer from the position of literacy resource teacher to the position of reading specialist teacher.
Both literacy resource teachers and reading specialist teachers work to improve students' reading skills. An important difference between these positions is that the resource teacher assists classroom teachers, for example by suggesting specific techniques or by training classroom teachers to use specialized materials, while the reading specialist provides reading instruction directly to students.
The change in positions proposed here would be considered a "lateral transfer;" that is, it is neither a step up nor a step down in grade or degree of responsibility. The nature of the work performed by a reading specialist teacher concerns the same general subject matter — literacy intervention — as that performed by a literacy resource teacher. Both are considered "teaching positions" under the collective bargaining agreement between the district and the teachers' association. Neither the change in job title, nor the reading specialist's emphasis on classroom instruction, would in any way constitute a promotion from a non-supervisory to a supervisory position.
Would a lateral transfer under these circumstances violate the conflict of interest prohibitions of Government Code section 1090?[1]
For the following reasons, we conclude that it would not.
Section 1090 prohibits public officers from having a financial interest in any of the contracts that they make in their official capacities or that are made by the boards or commissions of which they are members.[2] "An employment contract between a school district and a school board member's spouse is subject to . . . conflict of interest provisions."[3] Both a governing board member's community property interest in his or her spouse's contract with the school district, and the separate property of a governing *Page 3 
board member's spouse, have been held to constitute a financial interest within the meaning of section 1090.[4]
The overarching purpose of the prohibition against conflicts of interest "is to remove or limit the possibility of any personal influence, either directly or indirectly, which might bear upon an official's decision, as well as to void contracts which are actually obtained through fraud or dishonest conduct."[5] Thus the rule is directed "`not only at dishonor, but also at conduct that tempts dishonor. It attempts to prevent honest government agents from succumbing to temptation by making it illegal for them to enter into relationships which are fraught with temptation.'"[6] Where applicable, section 1090 constitutes an absolute bar to the formation of a contract by the officer or board, and its terms cannot be avoided by having the financially interested officer or board member abstain from participating in the making of the contract.[7]
The rule of section 1090 does not stand in isolation, however. The Legislature has recognized two kinds of exceptions to the general rule. The first, an exception for so-called "remote interests," is not applicable here.[8]
The second kind of exception, is for a "noninterest," as set forth in Government Code section 1091.5. If a noninterest is present, the contract may be made without the officer's abstention or disclosure.[9] The relevant provision here is subdivision (a)(6), which provides that an officer is deemed to have a noninterest in his or her spouse's employment "if his or her spouse's employment . . . has existed for at least one year prior to [the officer's] election or appointment."[10] *Page 4 
In this case, the teacher-spouse was employed by the district as a literacy resource teacher for more than one year before the officer-spouse was elected to the school board. The crux of the issue is whether transfer from that position to a reading specialist position amounts to the same "employment," thereby constituting a noninterest under section 1091.5(a)(6).
In 1998, [11] we considered whether a probationary teacher for the 1997-1998 school year could be employed by a school district as a probationary teacher for the 1998-1999 school year, or as a permanent teacher for the 1999-2000 school year, if the teacher's spouse became a school board member during the 1997-1998 school year. We concluded that the employment was barred by section 1090 because the initial employment had not commenced at least one year before the teacher's spouse became a school board member, as required by section 1091.5.
Thorpe v. Long Beach Community College District is an opinion that draws heavily from our own opinions, and it remains the leading case on this issue. There, the appellant had been employed by a community college district as an accountant for approximately five years before her husband was elected to the district's governing board. The issue was whether the appellant could then be appointed to a newly created managerial position as a supervisor of special accounting projects.[12] The court's decision turned on the meaning of "employment" in section 1091.5(a)(6), and whether it should be narrowly construed to mean employment in the same position, grade, or classification (which would have prohibited the appellant's promotion), or more broadly construed to mean employment in any capacity with the same employer.[13] The court concluded that section 1091.5(a)(6) permits the continuation of the employment status quo as to a spouse for over a year, but prohibits changes that go beyond mere restructuring of a current position. The court noted that changes such as "a pay increase . . . a new title, a new job description, substantial additional duties, and movement from a classified position in a bargaining unit to a supervisory position without a bargaining unit" may be indicia of a new employment for purposes of section 1091.5(a)(6).
In the present case, we believe that the kinds of changes contemplated by the requested transfer are in the nature of a restructuring of the teacher's current employment, and would therefore constitute "the same employment," as construed in Thorpe and in our earlier opinions. We note that the teacher here holds a tenured teaching position, and employment). *Page 5 
that the position to which she seeks a transfer is also classified as a teaching position at the same rank and pay grade; neither position has managerial or supervisory responsibilities.[14] Although the day-to-day duties of a classroom teacher are not identical to those of a resource specialist, the two positions' status relative to other teaching positions and to management appears to be identical. We believe that the differences between the two positions are not of a kind or degree substantial enough to justify characterizing the new position as a new employment for purposes of section 1091.5(a)(6).
Finally, we are informed that this teacher's contract, like that of all other certificated and tenured teachers in the district, is subject to annual approval by the board. We are informed that this approval process is pro forma and proceeds with no break in employment from one contract period to the next. In keeping with our earlier opinions on the issue, we conclude that this kind of annual reaffirmation of continuing employment does not run afoul of section 1090.[15]
Accordingly, we conclude that a school district may grant a request from a teacher, whose spouse became a board member more than one year after the teacher's employment with the district, to transfer from one teaching position to another that has the same compensation, but involves different teaching duties.
[1] Government Code section 1090 provides in relevant part:
 Members of the Legislature, state, county, district, judicial district, and city officers or employees shall not be financially interested in any contract made by them in their official capacity, or by any body or board of which they are members. Nor shall state, county, district, judicial district, and city officers or employees be purchasers at any sale or vendors at any purchase made by them in their official capacity.
[2] 69 Ops.Cal.Atty.Gen. 255 (1986).
[3] Thorpe v. Long Beach Community College Dist., 83 Cal. App. 4th 655,659 (2000); see also Educ. Code § 35233.
[4] See Reece v. Alcoh. Bev. Etc. App. Bd., 64 Cal. App. 3d 675, 683
(1976) (one spouse's separate property adds indirectly to support of other spouse).
[5] Stigall v. City of Taft, 58 Cal. 2d 565, 569 (1962); see Thorpe,83 Cal. App. 4th at 659; Fraser-Yamor Agency, Inc. v. Co. of Del Norte,68 Cal. App. 3d 201, 215 (1977).
[6] Stigall, 58 Cal. 2d at 570 (quoting U.S. v. Miss. Valley GeneratingCo., 364 U.S. 520, 549-550 (1961).
[7] Fraser-Yamor, 68 Cal. App. 3d at 211-212;69 Ops.Cal.Atty.Gen. at 256.
[8] See Govt. Code § 1091; Fraser-Yamor, 68 Cal. App. 3d at 211-212.
[9] See City of Vernon v. C. Basin Mun. Water Dist.,69 Cal. App. 4th 508, 515 (1999); 83 Ops.Cal.Atty.Gen. 246, 247
(2000); 78 Ops.Cal.Atty.Gen. 362, 369-370 (1995).
[10] 69 Ops.Cal.Atty.Gen. at 255 (§ 1091(a)(6) requires one year or more in same
[11] 81 Ops.Cal.Atty.Gen. 327 (1998).
[12] See Thorpe, 83 Cal. App. 4th at 655.
[13] Id at 660.
[14] See Leithliter v. Bd. of Trustees, 12 Cal. App. 3d 1095,1100-1101 (1970).
[15] 80 Ops.Cal.Atty.Gen. 320 (1997) (annual re-employment as substitute teacher equivalent to "same employment" for purposes of § 1091.5(a)(6)); see also 69 Ops.Cal.Atty.Gen. 102 (1986) (annual review of substitute teacher's contract not objectionable).